UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cr-00592-AGF |
| ) | |
| ANTHONY STALLWORTH, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In this case, Defendant Anthony Stallworth is charged in a six-count superseding indictment alleging that he violated 21 U.S.C. § 841(a)(1) (Counts I, II, and V) and 21 U.S.C. § 924(c)(1) (Count III and VI). ECF No. 18. Counts I, II, and III arise out of events alleged to have occurred on October 19, 2023 in the City of St. Louis, when the Government asserts that Defendant possessed: (1) more than 50 grams of methamphetamine with an intent to distribute (Count I), (2) more than 40 grams of fentanyl with an intent to distribute (Count II), and (3) a firearm in furtherance of the drug trafficking crimes charged in Counts I and II (Count III). ECF No. 18.

Counts V and VI arise out of events alleged to have occurred approximately four years earlier, in October of 2019, also in or near the City of St. Louis, when the Government asserts that Defendant (1) distributed fentanyl on October 10, 2019 (Count V), and (2) possessed, brandished, and discharged a firearm in furtherance of a drug trafficking crime, specifically the distribution of fentanyl, on October 15, 2019 (Count VI).

The matter is now before the Court on Defendant's amended Motion for Severance of Counts V and VI, seeking to sever those charges from Counts I through III (ECF No. 89). The motion was referred to Magistrate Judge Patricia L. Cohen under 28 U.S.C. § 636(b).

Defendant moves to sever Counts V and VI from Counts I through III on the grounds that the two sets of offenses are improperly joined as offenses of the "same or similar character" under Rule 8(a). ECF No. 89. Although Defendant concedes that both sets of offenses are "of a similar character" (ECF No. 89 at 4), he argues that joinder is nevertheless improper because (1) the offenses did not occur over a relatively short period of time, and (2) the offenses do not share overlapping evidence.

On December 17, 2024, Magistrate Judge Cohen issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be denied. ECF No. 94. Defendant filed objections, generally asserting the same grounds as asserted in the motion to sever, namely, that the two sets of charges are too far apart in time to satisfy the requirements for joinder, and that the charges do not share overlapping evidence. ECF No. 95.

When a party objects to a report and recommendation concerning a dispositive motion in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court has conducted a *de novo* review of the motion to sever, and, based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues. For the reasons set forth more fully in the R&R, the Court agrees that the offenses here are properly joined pursuant to Federal Rule of Criminal Procedure 8(a).

Rule 8(a) permits joinder when, as relevant here, "the offenses charged . . . are of the same or similar character." Fed. R. Crim. P. 8(a). This rule is "to be liberally construed in

favor of joinder." *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011). "In applying the 'same or similar character' standard, [the Eighth Circuit has] found joinder of offenses to be proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *Id.* (citation omitted).

As noted above, Defendant concedes that the counts here refer to the same type of offenses, so the Court turns to his objections regarding whether the offenses occurred close enough in time and whether the evidence overlaps.

**Relatively Short Period of Time**

"There is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). "Rather, the time-period factor is to be determined on a case-by-case," with the length of the time being considered "relative to the similarity of the offenses, and the possible overlapping of evidence." *Id.*

In light of these principles, Defendant's primary objection—namely, that the cases cited by the Magistrate Judge concerned time periods shorter than the four years at issue in this case—is not dispositive. The similarity of the offenses here is undisputed, and as discussed below, the evidence of each set of offenses here would be admissible in a trial regarding the other under Federal Rule of Evidence 404(b).

As such, the difference between the time periods in the cases cited in the R&R and this case is not so drastic as to overcome Rule 8(a)'s liberal presumption in favor of joinder. *See, e.g.*, *United States v. Hastings*, 577 F.2d 38, 40 (8th Cir.1978) (permitting joinder when two years separated the offenses); *Rodgers*, 732 F.2d at 629 (8th Cir. 1984) (affirming joinder of narcotics offenses occurring 20 months apart); *United States v. Lindsey*, 782 F.2d

3

116, 117 (8th Cir. 1986) (same regarding 17-month period between firearms offenses); *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (concluding that 15 months between felon in possession of firearms charges was a "relatively short period of time"); *Cf. United States v. Davis*, No. 18-00205-03-CR-W-RK, 2022 WL 1645807, at *3 (W.D. Mo. May 24, 2022) (finding that robberies occurring four and a half years apart "could be deemed properly joined" if evidence related to one set could be admissible in a trial of the other under Rule 404(b) but that, even if joinder were proper, the counts should be severed because of the defendant's asserted prejudice in the form of inconsistent defenses and speedy trial concerns).[1]

**Overlapping Evidence**

Defendant argues that the two sets of offenses here do not share overlapping evidence because, notwithstanding the permissive standard for admission of evidence of other crimes under Federal Rule of Evidence 404(b), the evidence here is unduly prejudicial and should be excluded under Rule 403. ECF No. 95 at 5. The Court rejects that argument.

---

[1] Other circuits have likewise concluded that time periods approaching the four-year gap here were not so long as to preclude joinder where the offenses were particularly similar in nature. *See, e.g.*, *United States v. Walls*, 80 F.3d 238, 243 (7th Cir. 1996) ("[I]t was proper for the district court here to join the two § 922(g)(1) charges against Walls, irrespective of the four year gap between the two events."); *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017) (affirming joinder of robbery counts occurring three years apart in light of the similar character of the offenses); *United States v. Monteiro*, 871 F.3d 99, 107 (1st Cir. 2017) ("Although the sets of charges arose from events that occurred almost two years apart, that timing alone is not enough to overcome Rule 8(a)'s generous presumption in favor of joinder."); *United States v. Krug*, 198 F. Supp. 3d 235, 249 (W.D.N.Y. 2016) (approving joinder of charges arising out of similar instances of alleged use of excessive force by the defendant police officer, notwithstanding a nearly four-year gap between the incidents) .

Evidence is admissible under Rule 404(b) if it is "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Fang*, 844 F.3d 775, 780 (8th Cir. 2016) (citations omitted). The Eighth Circuit applies "this test with the recognition that Rule 404(b) is a 'rule of inclusion,' meaning we reverse 'only when the evidence clearly had no bearing on the case and was introduced solely to show defendant's propensity to engage in criminal misconduct.'" *United States v. Hayward*, 124 F.4th 1113, 1119 (8th Cir. 2025) (citing *United States v. Brandon*, 64 F.4th 1009, 1020 (8th Cir. 2023)).

As noted above, Defendant does not contest the similarity in kind of the offenses here.[2] *See United States v. Hayward*, 124 F.4th 1113, 1119 (8th Cir. 2025) (holding that "other bad acts need not be duplicates of the charged crime for them to be admissible under Rule 404(b)") (cleaned up and citations omitted). And the Eighth Circuit has repeatedly "recognized that in a prosecution for a violation of narcotics laws, the defendant's complicity in other similar narcotics transactions may serve to establish intent or motive to commit the crime charged." *Rodgers*, 732 F.2d at 630.; *see also Hayward*, 124 F.4th at 1119. The same is true with respect to prosecutions for possession of a firearm. *Garrett*, 648 F.3d at 626. Further, evidence of a defendant's prior acts of trafficking is relevant to demonstrate that the defendant's possession or use of a weapon was in furtherance of a crime of drug trafficking under 18 U.S.C §924(c)(1). *See, e.g.*, *United States v. Urbina-Rodriguez*, 986 F.3d 1095, 1098 (8th Cir. 2021) (admitting evidence of prior conviction for trafficking to

---

[2] Nor does Defendant contest that the "supported by sufficient evidence" prong of the Rule 404(b) test is met here.

5

demonstrate the necessary nexus between drug trafficking crimes and the defendant's possession of a firearm).

And contrary to Defendant's assertion, the passage of time between offenses—even the four years in this case—does not diminish the probative value of such evidence. *See United States v. Geddes*, 844 F.3d 983, 990 (8th Cir. 2017) (holding that "the passage of four years was insufficient to diminish the probative value of the [prior bad acts] evidence" under Rule 404(b)). Further, as the Government noted in its brief opposing Defendant's motion to sever, Defendant's incarceration during this four-year gap[3] "is an important circumstance" that helps demonstrate that "the total number of years separating the prior offense and the charged offense did not significantly diminish the probativeness of the evidence." *United States v. Halk*, 634 F.3d 482, 488 (8th Cir. 2011) (holding that 19 years between firearms offenses was "not so remote in time" to preclude evidence of the prior offense under Rule 404(b) to show knowledge and intent, in light of the defendant's intervening incarceration).

The thrust of Defendant's argument is that each set of offenses here would be inadmissible in a trial regarding the other because the evidence would be unduly prejudicial under Rule 403. Rather than identifying any discrete form of prejudice, Defendant argues that "*[a]ll* the evidence underlying each incident would be unduly prejudicial in a prosecution of the other, thanks to the way that it *cumulatively* paints a picture of propensity." ECF No. 95 at 5. But as the Eighth Circuit has recognized, Rule 404(b) evidence nearly always carries such potential for prejudice, and the Eighth Circuit has nevertheless routinely admitted prior or subsequent drug and firearms convictions to show

---

[3] As the Government notes, state court records reflect that Defendant was detained on a bond revocation from January 12, 2021 to August 22, 2022.

knowledge and intent, holding that any prejudice does not substantially outweigh the evidence's probative value. *E.g., United States v. Craig*, 94 F.4th 752, 759 (8th Cir. 2024); *United States v. Radermacher*, 92 F.4th 743, 746 (8th Cir. 2024); *United States v. Grady*, 88 F.4th 1246, 1260 (8th Cir. 2023). The general prejudice highlighted by Defendant does not substantially outweigh the probative value of the drug and firearms charges here, which almost all involve the same substance (fentanyl). Finally, as the Magistrate Judge noted, the Court may use a limiting instruction to decrease the risk of any unfair prejudice in this case. *United States v. Delpit*, 94 F.3d 1134, 1143–44 (8th Cir. 1996) ("[T]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.").

For all of these reasons, and after careful consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Cohen set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [(ECF No. 94) is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and Defendant's Objection to the Report and Recommendation (ECF No. 95) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's amended Motion for Severance of Counts V and VI (ECF No. 89) is **DENIED**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2025.

7